IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Vandam N. Bui, | ) | Civil Action No. 2:13-126-PMD-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| ADT LLC, f/k/a ADT Security Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's partial motion to dismiss. [Doc. 9.] The plaintiff, proceeding *pro se*, has pled various allegations concerning the defendant's conduct toward him and his desire to terminate his security services agreement with the same. The plaintiff has not specified any particular cause of action in his narrative allegations but, on the Check-the-Box Court form, selected "breach of contract." [Doc. 1-1 at 2.] The defendant, therefore, not unreasonably so, presumes only that one claim – for breach of contract. The Court would be more liberal, for now, in its interpretation of the Complaint.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The defendant argues that, by the terms of its contract with the plaintiff, the plaintiff is limited to $500 recovery. (Def. Mot. Dismiss Ex. C at 4.) The defendant

moves the Court to make a legal determination as to that damages limit.

The Court would decline the invitation. The Court is disinclined to make any recommendations concerning damages so early in litigation and before any consideration of liability has been made. It is unnecessarily premature. To the same point, the defendant presumes that liability rests only in contract. But, because the plaintiff has stated so generally the claims he means in the narrative portion of his Complaint and because the defendant has not challenged the quality and sufficiency of those allegations, otherwise, the Court is not sure that the language of the contract represents the limits of the plaintiff's remedy and redress. Of course, whether or not the plaintiff can actually make more of his allegations, in a legal sense, is still to be determined.

The Court begs unintended risk to entertain a determination as to damages so soon, however, and would decline to do it. The Court is not aware of the prejudice to the defendant posed. It removed the case on the strength of the larger pled damages request of $100,000. If there are other reasons the case should not continue, or not continue in its entirety, the defendant certainly has leave to argue them.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's partial motion to dismiss [Doc. 9] should be DENIED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

June 19, 2013
Charleston, South Carolina.

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).