**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Vandam N. Bui, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:13-cv-126-PMD-BHH |
| v. ) | |
| ADT LLC, f/k/a/ ADT Security ) | |
| Services, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Bruce Howe Hendricks recommending that Defendant ADT LLC's (hereinafter referred to as "ADT") partial motion to dismiss be denied. Also before the Court are ADT's objections to the R&R. Having reviewed the entire record, the Court declines to adopt the R&R and grants ADT's partial motion to dismiss to the extent that it sought to limit Plaintiff's damages claim to the amount provided for in the limitation of damages provision in the Residential Services Contract ("Contract") between the parties.

**PROCEDURAL HISTORY/BACKGROUND**

On December 5, 2012, *pro se* Plaintiff Vandam N. Bui filed a civil complaint against ADT in the Court of Common Pleas for Charleston County. ADT removed the action to this Court on January 10, 2013, on the basis of diversity jurisdiction, and on January 17, 2013, filed a motion to dismiss, seeking to limit damages. The Court issued a Roseboro Order, to which the Plaintiff did not respond, and therefore, on February 27, 2013, the Court issued an order advising Plaintiff that if he did not file a response by March 19, 2013, the action would be dismissed. Plaintiff filed a response in support of his breach of contract claim against ADT on March 12, 2013. ADT filed its reply on March 21, 2013. The Magistrate Judge issued her R&R on June

1

19, 2013, and ADT timely filed its objections on July 8, 2013. This matter is now properly before this Court.

Plaintiff entered into a Contract with ADT on May 24, 2011, in which ADT agreed to install and monitor a security alarm system at Plaintiff's residence, 1307 Roma Road, in Hanahan, South Carolina. The six-page Contract contained the following provisions pertinent to this action:

> **YOU ACKNOWLEDGE AND ADMIT THAT BEFORE SIGNING YOU HAVE READ THE FRONT AND BACK OF THIS PAGE IN ADDITION TO THE ATTACHED PAGES WHICH CONTAIN IMPORTANT TERMS AND CONDITIONS FOR THIS CONTRACT. YOU STATE THAT YOU UNDERSTAND ALL THE TERMS AND CONDITIONS OF THE CONTRACT, INCLUDING, BUT NOT LIMITED TO, PARAGRAPHS 5, 6, 7, 8, 9, 10, AND 22.**

Def.'s Mot. Dismiss, Exh. C, Contract, at p. 1.[1] The Contract further explains that ADT is not an insurer and that the amount paid for ADT services is limited to the liability ADT assumes under the Contract unrelated to the value of Plaintiff's property:

> **WE ARE NOT AN INSURER. WE ARE NOT AN INSURER AND YOU WILL OBTAIN FROM AN INSURER ANY INSURANCE YOU DESIRE. THE AMOUNT YOU PAY US IS BASED UPON THE SERVICES WE PERFORM AND THE LIMITED LIABILITY WE ASSUME UNDER THIS CONTRACT AND IS UNRELATED TO THE VALUE OF YOUR PROPERTY OR THE PROPERTY OF OTHERS LOCATED IN YOUR PREMISES. IN THE EVENT OF ANY LOSS OR INJURY TO ANY PERSON OR PROPERTY, YOU AGREE TO LOOK EXCLUSIVELY TO YOUR INSURER TO RECOVER DAMAGES. YOU WAIVE ALL SUBROGATION AND OTHER RIGHTS OF RECOVERY AGAINST US THAT ANY INSURER OR OTHER PERSON MAY HAVE AS A RESULT OF PAYING ANY CLAIM FOR LOSS OR INJURY TO ANY OTHER PERSON.**

---

[1] Although Plaintiff does not attach a copy of the Contract to his Complaint, the Court will consider the Contract attached to Defendant's Motion to Dismiss as Exhibit C. The Contract is referred to in the Complaint, is integral to Plaintiff's claims, and is therefore properly considered by the Court in ruling on the instant motion to dismiss. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)

*Id.* at p. 4, ¶ 5.

The Contract also contains the following limitation of damages provision or exculpatory clause:[2]

> **NO LIABILITY; LIMITED LIABILITY. IT WILL BE EXTREMELY DIFFICULT TO DETERMINE THE ACTUAL DAMAGES THAT MAY RESULT FROM OUR FAILURE TO PERFORM OUR DUTIES UNDER THIS CONTRACT. YOU AGREE THAT WE . . . ARE EXEMPT FROM LIABILITY FOR ANY LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE ARISING DIRECTLY OR INDIRECTLY FROM THE SERVICES . . . WE PERFORM OR THE SYSTEMS WE PROVIDE UNDER THIS CONTRACT. IF IT IS DETERMINED THAT WE OR ANY OF OUR AGENTS, EMPLOYEES . . . ARE DIRECTLY OR INDIRECTLY RESPONSIBLE FOR ANY SUCH LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE, YOU AGREE THAT DAMAGES SHALL BE LIMITED TO THE GREATER OF $500 OR 10% OF THE ANNUAL SERVICE CHARGE YOU PAY UNDER THIS CONTRACT. THESE AGREED UPON DAMAGES ARE NOT A PENALTY. THEY ARE YOUR SOLE REMEDY NO MATTER HOW THE LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE IS CAUSED, EVEN IF CAUSED BY OUR NEGLIGENCE, GROSS NEGLIGENCE, FAILURE TO PERFORM DUTIES UNDER THIS CONTRACT, STRICT LIABILITY, FAILURE TO COMPLY WITH ANY APPLICABLE LAW, OR OTHER FAULT.**

*Id.* at p. 4, ¶ 6. Finally, as relevant here, the Contract provides:

> **EXCLUSIVE DAMAGES REMEDY. YOUR EXCLUSIVE DAMAGE AND LIABILITY REMEDIES ARE SET FORTH IN PARAGRAPH 6 ABOVE. WE ARE NOT LIABLE TO YOU OR ANY OTHER PERSON FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES.**

*Id.* at p. 4, ¶ 7.

Plaintiff claims that on August 29, 2012, someone triggered his alarm system and caused the system to activate and the siren to sound for about eight minutes. Despite the alarm's activation, Plaintiff alleges that no one from ADT contacted him about the alarm. Instead, he states that he called ADT and was told that the system at his home did not work. Plaintiff

---

[2] An exculpatory clause is defined as "[a] contractual provision relieving a party from liability resulting from a negligent or wrongful act." *Black's Law Dictionary* 648 (9th ed. 2009).

contends that he and his family have been living in a false sense of security for about a year. Moreover, ADT has made him "a cheater with State [F]arm insurance company," because State Farm would deny his claim if someone had stolen his property when his home was not properly secured by ADT. Pl.'s Compl. at 1-2. As a result of this incident, Plaintiff sued ADT for breach of contract alleging damages for $100,000.00. ADT does not dispute these allegations for purposes of the motion, but claims that Plaintiff is limited by the terms of the Contract to recovering damages of $500 for the alleged breach.

## STANDARD OF REVIEW

### A.     Magistrate Judge's R&R

The magistrate judge makes only a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a magistrate judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R in whole or in part. *Id.  Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B.      Motion to Dismiss

When considering a motion to dismiss, the court accepts as true well-pleaded allegations and construes the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Supreme Court recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (*citing Twombly*, 550 U.S. at 556). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Although assessment is typically limited to the face of the pleadings, the court may consider documents that a defendant attaches to its motion if the documents are referred to in plaintiff's petition, are central to plaintiff's claim, and if plaintiff does not challenge its authenticity. *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a Defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly

relied on in the complaint and [if] the Plaintiffs do not challenge its authenticity.'" (internal citations omitted)).

## DISCUSSION

ADT contends that any relief offered to Plaintiff must be capped by the limitations of damages provision included in the Contract. Plaintiff does not address this provision in his complaint or in his reply to Defendant's motion nor does he put forth any arguments for why he is not bound by it. The Court finds that under this provision or exculpatory clause, as quoted in full above, ADT's liability for any breach that it may have committed is limited.

"While exculpatory clauses are strictly construed against the party relying thereon, courts around the country have nevertheless upheld provisions of contracts that limit the liability of alarm services providers." *Bahringer v. ADT Sec. Servs., Inc.*, No. 2:12-cv-1473-DCN, 2013 WL 1810659, at *3 (D.S.C. Apr. 29, 2013) (collecting cases). The limitation of damages provision is located on page "4 of 6" of the Contract, is clearly worded, and is printed in bold capital letters, in the same font and size as the "WE ARE NOT AN INSURER" provision and the "EXCLUSIVE DAMAGES REMEDY" provision. The Court finds that the plain language of this provision clearly limits ADT's liability and demonstrates that such limitation was the intent of the parties. A contrary holding would run afoul of established South Carolina case law. *See e.g., Gladden v. Boykin*, 739 S.E.2d 882, 885 (S.C. 2013) (noting that "the proper test is whether an important clause was particularly inconspicuous, as if the drafter intended to obscure the term," and determining that a clause with a heading printed in capital letters, in the same print as other terms in the contract, was not inconspicuous); *Williams v. Teran, Inc.*, 221 S.E.2d 526, 528 (S.C. 1976) ("[O]nce a contract or agreement is before the court for interpretation, the main concern of the court is to give effect to the intention of the parties."). Therefore, the Court holds

that ADT's liability is limited to the greater of $500 or 10% of its annual service charges, even if the damages were caused by ADT's failure to perform contractual duties. Thus, even if Plaintiff's allegation is true—that ADT's alarm system failed in some way—such a failure falls within the scope of the Contract's limitation of damages provision.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant ADT's partial motion to dismiss is **GRANTED** and the Court **HOLDS** that ADT's liability on Plaintiff's breach of contract claim is limited to a maximum of $500.

**AND IT IS SO ORDERED.**

*[Signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 1, 2013**

7